## GERSHOM CHEENY et als. *vs.* ALANSON CLARK.

Where a number of persons formed an association for the purpose of building a meeting-house, and, in pursuance of the articles of agreement, subscribed by them, appointed three of their number a committee, called a building committee, to superintend the erection of the building,—it was held in an action brought against the committee to recover for services performed on the building, that, without an express undertaking, or funds placed at their disposal for the purpose of paying for the services, the committee were not liable.

*Semble,* where a number of individuals associate together, and subscribe sums of money, for the purpose of building a meeting-house, they are partners in the undertaking, and, therefore, a subscriber, who performs services on the building, cannot maintain an action therefor against the building committee who are subscribers in the same undertaking, on account of the partnership.

RUTLAND,     This was a *writ of error* to reverse a judgement rendered by
January,
1830.       the county court, in an action on book account, in which the
━━━━━━━     plaintiffs in error were defendants, and the defendant in error was
Cheeny et als.
  vs.       plaintiff.   The auditor's report, on which the judgement was ren-
 Clark.     dered, and to which exceptions were taken in the court below,
            stated,that the services charged in the plaintiff's account were per-
            formed by him on the congregational meeting house in Rutland ;
            that the defendants were a committee appointed to superintend the
            building of said house agreeably to certain articles of agreement
            subscribed by the share-holders, which were annexed to the re-
            port ; that before all the services were performed, *Abel Page*,
            one of the defendants, was by the proprietors of said house dis-
            charged from said committee, and *John Barr* appointed in his
            place ; but after the appointment of *Barr* payments were made to
            the plaintiff to a greater amount than the services performed after
            said appointment.   The articles of agreement were signed by the
            proprietors, amongst whom were the plaintiff and the defendants.
            The parts of said articles, material to be stated, are as follow :
            " We the undersigned, desirous of erecting an edifice, to be dedi-
            cated to Almighty God, in the east parish of Rutland, for the use
            and benefit of said east parish as a congregational meeting-house,
            hereby bind ourselves to pay to a committee to be appointed as here-
            in after provided, or to their successors, or their order, for the
            number of shares annexed to our names respectively upon the
            consideration herein after mentioned.

            1. The meeting house and ground attached thereto is estima-
            ted to cost six thousand six hundred dollars, and the mumber of
            pews or slips on the lower floor to be erected thereon shall be
            sixty six, which at $100 each will amount to the aforesaid estima-
            ted cost of said meeting-house.   The number of pews shall there-
            fore be sixty six, and the price of each share shall be $100, and
            the person who shall subscribe for one share shall be entitled to
            one pew or slip.

            2. The place on which said meeting house shall be erected, and
            also the plan of erecting the same, shall be determined by a ma-
            jority of the subscribers or share-holders, each subscriber voting
            according to his number of shares.

            3. The third article prescribes the mode of calling meetings
            of the subscribers.

            4. The erecting said meeting house shall be superintended by
            a committee of three, who shall be called the building committee,
            who shall be appointed from among the subscribers or share-hol-

RUTLAND,
February,
1830.

Cheeny et als.
vs.
Clark.

ders, and exercise their duties during the pleasure of the subscri-bers or share-holders.    Provided that said committee are and shall be subject to the controul and direction of the subscribers or share-holders in all things pertaining to their duties ; and provided also, that the subscribers or share-holders may at all times remove one or more of said committee, and appoint other or others, and also fill all vacancies that may happen therein by resignation or death.

5. When the meeting house shall be completed, the location of each subscriber's right to a'pew or pews shall be determined by putting the choice at auction in numerical order until all the pews are disposed of, and the highest bidder on each choice shall be entitled to the choice he shall purchase.    And the aggregate sum, as also any surplus that may remain unexpended, shall, after paying all contingent expences which may be incurred, be averaged among the subscribers according to their number of shares.

6. The sixth article provides that the amount of each share subscribed for shall be paid by instalments of $20 each, at different times, the last being payable in a year and a half."

*Royce and Hodges, for the plaintiffs in error,*—contended, That, in the absence of all evidence of an express understanding on the part of the committee, the presumption arising from the facts reported, taken in connection with the articles of association, showed that the credit of the society, and not that of the committee, was pledged for the payment of the defendant's account, and that the parties themselves must have so understood it—That the society was formed in reference to a statute passed November 10, 1814, *(Rev. Stat.* 602,) and was, consequently, an incorporated society, and could sue and be sued ; and that inasmuch as the plaintiff below contracted with the defendants below as a committee of the society, he could not recover without showing an express engagement personally to be accountable.—*(Sw. Dig.* 329 ; *Proctor* vs. *Webber*, 1 *D. Chip. R.* 371 ; *Mann* vs. *Chandler*, 9 *Mass.* 335 ; *Hodgson* vs. *Dexter*, 1 *Cranch*, 345 ; *Moneypenny* vs. *Hartland*, 11 *Com. Law Rep.* 414, 416 ; *Holmes* vs. *Higgins*, 8 *do.* 27 ; *Witte* vs. *Derry Fishing Company*, 2 *Conn.Rep.* 260 ; 14 *Johns. Rep.* 118 ; 18 *do.* 60.)—That the society, either as a corporation or as so many persons voluntarily associating themselves together, and doing their business by a committee, would be liable, and, therefore, the defendants below could not be made responsible on the ground that they had not power to bind their principals—That if the so-

RUTLAND,
February,
1830.

Cheeny et als.
*vs.*
Clark.

ciety was not a corporation within the statute, yet upon common principles, regulating the liability of principals and agents, the committee would not be liable, unless money was shewn to be in their hands, and this should be shown by the party who seeks to charge them, when he knows the character in which they are acting—That without an express promise, the committee were not liable, on the ground that *Clark* and the committee, as well as the other subscribers, stood in the relation of partners—That John Barr should have been joined as a defendant ; and that if the committee were made responsible at all, it should be the committee in charge of the business when the building was completed, and who had made the collections.

*Williams and Thrall, for the defendant.*—1st. Notwithstanding the defendants below were the agents of the subscribers for building the meeting-house, yet they were agents for a limited and specific purpose, and had no authority, either express or implied, to bind their employers. Funds were placed in their hands for a specific purpose, and in the disbursements of these funds they could make such contracts as they thought proper ; but in such contracts would only bind themselves. If an agent exceed his authority and does not bind his principal,he makes himself personally liable.—*Sw. Dig.* 327, 330 ; 13 *Johns.* 58 ; *Mann* vs. *Hoffman, do.* 307 ; 2 *Kent's Com.* 492.

2nd. The plaintiff below had no claim against Barr, the other committee-man : his first employment was by the defendants below, and, after the removal of one of them, Page, and the apointment of Barr, more was paid than the amount of services rendered while Barr was one of the committee.

3d. If the services were performed by Clark at the request of *Cheeney, Strong* and *Page*, there can be no good reason why he should not maintain an action on book. The services were rendered on their employment ; and if from the nature of their appointment they could not bind any other one, they bound themselves ; and it is believed that no other action would have been appropriate. No action could be brought by him against them for not disbursing the funds as monies by them received ; for this they are alone accountable to those who employed them, or the subscribers or share-holders in the meeting-house.

PER CURIAM.—The subscribers to the articles of agreement, not being constituted a society under the statute with corporate

powers, but being a mere voluntary association of individuals, the question is, whether the defendants, who acted as their committee in superintending the building of the meeting-house, were person- ally answerable for the services performed by the plaintiff upon it. It does not appear that the defendants made any express promise, or pledged their individual credit and responsibility, so as thereby to impose a personal obligation upon themselves ; nor does it appear that any moneys were in their hands, or that any funds remained at their disposal, to answer or pay for the services. They were appointed by the body of the subscribers to execute a mere trust ; were bound to act under the direction and controul of the subscribers, and liable to be removed at their pleasure ; and it appears that one of them was in fact removed, and another person appointed in his place. The plaintiff was one of the subscribers by whom the defendants were appointed ; and, in the absence of any express contract or undertaking, he can have no legal or equitable right to look to the personal security or liability of the defendants, and hold them answerable out of their private funds, for work done by him for the benefit of the subscribers generally. Indeed, as the subscribers to the articles of association were all equally interested in building the meeting-house, and the plaintiff and the defendants were members of the association, the case would seem to fall within the rule, that one of several persons jointly concerned in a common purpose cannot maintain an action against all or any of the others for work and labor performed for their joint benefit. In *Holmes* vs. *Higgins,* (1 Barn. & Cres. 74,) where a number of persons associated together for the purpose of obtaining an act of parliament and making a railway, and subscribed for shares of £50 each, it was held, that they were partners in the undertaking, and that a subscriber, who acted as their surveyor, could not maintain an action for work done by him in that character, against all or any of the subscribers.

Judgement reversed.