## WILLIAM STURGIS v. SILAS WARREN.

WINDSOR,
February,
1839.

Machinery in a woolen factory is personal property. If it is mortgaged, either with or without the real estate, and left in the possession of the mortgagor, it is subject to attachment as his property.

The entering upon real estate and severing a part therefrom and carrying it away, by one continuous act, can be recovered for, by the tenant, only by an action of trespass, *quare clausum fregit.*

THIS was an action of trespass for taking wool, cloth, machinery, factory bell, &c. Plea, not guilty, with a notice that the defendant, as deputy sheriff, took the articles on process, as the property of the Green Mountain Woolen Manufacturing Company.

On the trial in the county court it appeared that on the 6th day of January, 1837, the Green Mountain Woolen Manufacturing Co. mortgaged to Whitwell & Bond their factory and the machinery therein. On the 22d day of April, the mortgagors then still remaining in possession, the defendant, as deputy sheriff, attached the machinery as the property of said manufacturing Co. and left copies of the attachments in the town clerk's office, according to the statute, instead of taking possession. On the 1st day of May, 1837, Whitwell & Bond assigned their mortgage to the plaintiff, but this assignment was not witnessed, acknowledged and recorded until the 23d day of January, 1838. In July, 1837, the plaintiff, by his attorneys, took possession of the factory. Afterwards, judgments were obtained on the attachments, and, in January, the defendant sold the machinery in question on the executions. This machinery was affixed to the factory building in the usual manner, some with nails, some with spikes and screws and some with cleats. The bell was hung upon the factory in the usual manner, and was first taken by the defendant on the execution against · the Manufacturing Co. on the 3d day of January, 1838. Upon this evidence, the county court directed a verdict for the defendant, which the jury accordingly found, and the plaintiff excepted.

*T. Hutchinson,* for plaintiff.

I. If the articles in question were personal property, it is admitted that, in regard to all excepting the bell, the sale to plaintiff was fraudulent in law, for the want or delivery of the possession before the defendant's attachment. But the bell was not attached by the defendant till after the plaintiff's pos-

session, and for *that* the plaintiff is entitled to recover, at all events.

II. But the bell and all the machinery were real, not personal estate, being fixtures, attached to the freehold, and the plaintiff, at the time of the attachment by the defendant, had, at least, an indisputable title in equity to the property, and was in possession of the whole under that title. See *Hathway* v. *Phelps*, 2 Aik. R. 88. *Elthorp* v. *Deming*, D. Chip. R. 141. *Pearsal* v. *Thorp*, id. 92. *Lawton* v. *Lawton*, 1 H. Bl. R. 259. *Farrant* v *Thompson*, 16 Com. L. R. 61. *Winn* v. *Ingilby*, 7 do. 214. *Colegrave* v. *Dias Santos*, 9 do. 30. *Lyde* v. *Russell*, 20 do. 407. *Lee* v. *Risdon*, 2 do. 69. *Longstaff* v. *Meagoe*, 29 do. 60. *Miller* v. *Plumb*, 6 Cowen's R. 665. 2 Kent's Com. 279–80. *Regina* v. *Wheeler*, 5 Mod. R. 187. *U. S.* v. *Appleton*, 1 Sumn. R. 492.

The case of *Tobias* v. *Francis*, 3 Vt. R. 425, which will be relied upon in the defence, was decided by a divided court, and is, moreover, clearly distinguishable from the case under consideration.

It cannot be endured that an officer should sever fixtures from the freehold, convert real into personal estate and sell it on execution. If he levies on real estate, he must take it as he finds it, and set it off by appraisal.

*R. Washburn, D. Kellogg and A. Tracy,* for defendant.

I. The machinery in question was personal property and liable to attachment and execution, unless the plaintiff had a prior lien upon it, which the defendant contends he had not. *Tobias* v. *Francis*, 3 Vt. R. 425.

1. Whitwell & Bond had not taken any possession under the mortgage at the time it was attached by the defendant.

2. At the time of the attachment, the mortgage had not been assigned to the plaintiff, and he had no possession of or property in the mortgaged premises.

II. If the machinery was real estate, still the plaintiff cannot sustain this action ; because,

1. It appears from the assignment from Whitwell & Bond to him that it does not convey the mortgaged premises, but only a mere chose in action or equitable right.

2. If the assignment does convey the mortgaged premises, still, the taking and selling of the machinery was only a tres-

pass on the freehold, for which this action does not lie.

III. The defendant insists,

1. That the bell, at the time he took and sold it, was the personal property of the execution debtors.

2. If it was personal property it was not included in the mortgage, and if not included in the mortgage, the plaintiff can have no pretence of any claim to it, but it was liable to be taken and sold, as the property of the said debtors.

IV. If the factory bell is to be regarded as real estate, still, the plaintiff cannot sustain this action ; because,

1. The assignment does not convey to him the mortgaged premises, but only a mere chose in action or equitable right.

2. The assignment was not duly executed until after the bell was taken and sold by the defendant.

3. If the assignment was duly executed, and did convey the mortgaged premises, still, the taking and selling of the bell was only a trespass upon the freehold, for which this action does not lie.

COLLAMER, J.—Whether an article is a fixture, and so actually a part of the freehold, or whether it may be treated as personal property, depends, in England, on a variety of considerations, and, among others, upon the question of who affixed it. When affixed by the owner of the freehold, they are considered as a part of the freehold, and, as between the executor and heir, they pass, with the inheritance, to the heir. The same rule obtains between a grantor and grantee.— When put on by a tenant, and for the purposes of trade and manufacture, they are considered personal property, and may be removed during the term, but not afterwards. If put on for the improvement of the freehold, as for the purposes of agriculture, they cannot be removed even by the tenant during his term. These distinctions are all considered in El-wes .v. Maw, 3 East's R. 38, and are confirmed by the authorities cited by the plaintiff in this case. In this state, and especially under our attachment law, it is difficult to recognize any such distinctions. Whether articles are personal property is a point which an officer should be able to determine by an inspection of the property itself, by the nature of the property, and the purposes for which it is used, more than by the manner in which it is *affixed*, or by a considera-

tion of *who* affixed it.   And the same rule should obtain whether it arises between executor and devisee, grantor and grantee, landlord and tenant or attaching creditor and debtor, or his grantee.

If the articles are so incorporated with a building as to become a part thereof, like the shutters, sashes and doors, though they may be removed without drawing a nail, spike or screw, and leave the remainder uninjured, yet they are a part of the realty.   On the other hand, though clocks, mirrors and other articles of furniture may be affixed by nails, screws, or otherwise, yet they are clearly still furniture, and personal property.   So, too, are mechanics' benches and equally so the machines in a factory, as much as a potash kettle set in an arch, or the stoves in a dwelling house or shop, which this court have already decided to be personal property.   This was fully, and, we think, correctly decided in *Tobias* v. *Francis.*   Neither are we aware that there has been any doubt entertained as to that point in that decision. Some doubt has, perhaps, been expressed as to the other point in that case, that is, when personal property is mortgaged with real estate, and the statute gives the use of the real estate to the mortgagor until the pay day, and the use of the personal property with the realty constituted its main value, whether such case ought not to constitute an exception to the general rule that the possession of personal property must always accompany and follow the sale or mortgage, to protect it from attachment.   We find it, however, extremely difficult to adopt any such exception, from the impossibility of ascribing to it any distinct limitations.   It might be made to cover a store with its goods, or a farm with its stock, as well as a factory with its machinery.   Upon the whole, we do not feel disposed to question even that part of the decision of *Tobias* v. *Francis,* and it is conclusive of this case.

The bell was first taken by the defendant on the 3d day of January, 1838.   If that is considered personal property, it clearly belonged to the Manufacturing Company, and was rightly taken by the defendant on execution, as the deed of the company includes only the building and the machinery.   If this bell is considered as appurtenant to the factory, and a part of the realty, then it is to be re-

collected that the plaintiff did not perfect his deed from Whitwell & Bond, so as to become the *owner* of the factory until the 8th day of January. His only right on the 3d day of January, was that of mere actual possession. That would enable him, at most, to sustain no action but that of trespass, *quare clausum fregit*, for this act of entering, severing and carrying away a part of the realty.