## DAVID S. ABBOTT *v.* TIMOTHY C. COBB.

A member of a voluntary association, formed for building a meeting house, who is appointed one of the building committee, and acts as such in making contracts and procuring materials for the building, is not individually liable to pay for services for which he thus contracts with one who knows his agency, and who knows that the contract is for the benefit of the association, and that it is entered into by the defendant merely as such agent.

If an action be brought againt such agenst, by one with whom he thus contracts for the benefit of the association, to recover for services rendered in pursuance of such contract, the individual members of the association are competent witnesses for the defendant,—their interest being equally balanced.

75

If, in such case, written instruments were introduced and used as evidence before the auditor, which were objected to by the plaintiff as irrelevant, and which could, at most, have been only immaterial, but which might have had a tendency to show the relative situation of the parties, and that the defendant, in all he did, acted only as the agent of the association, this court will not reverse the judgment of the county court, accepting the auditor's report, for the reason that such writings were received.

BOOK ACCOUNT. An auditor was appointed in the county court, who reported, in substance, as follows.

The plaintiff presented an account, consisting of but one charge, amounting to $8.00, for drawing lumber, which accrued under the following circumstances. In January, 1842, about thirty individuals, in Barton and the vicinity, voluntarily associated themselves together to build a congregational meeting house in the village of Barton, of which association the plaintiff and defendant were members. The association was originally formed, by the several individuals subscribing their names to a subscription paper, with such sums set to their respective names as they felt disposed to give for the purpose of building said meeting house. After this paper had been signed, the subscribers to it held a meeting, at which a location for the meeting house was agreed upon, and the assent of the subscribers thereto was evidenced by a paper to that effect, signed by the several members of the association. This last paper was signed by both the plaintiff and the defendant. After this another meeting was held, at which three of the members of the association were appointed a building committee, to superintend the building and furnishing of the house,—of which building committee the defendant was one, and the most active member, whose business it was to procure necessary lumber. At all these meetings the plaintiff was present, and did not dissent from the proceedings. Sometime in July, 1842, after these meetings had been held, and while the house was in progress, the defendant applied to the plaintiff to draw some boards from Derby, which had been bought for the house, and which were wanted towards its completion, asking the plaintiff to draw them, and let his charge for drawing be credited towards the amount of his subscription; the plaintiff did not engage to do so, and no arrangement was made at this time. A short time after this one Colby, who was engaged in finishing the house,

again, at the defendant's request, requested the plaintiff to draw the boards, and Abbott did so, and charged therefor $8.00, which was the charge now in controversy.

The plaintiff, when he drew the boards, knew that they were to be used by the association in the completion and finish of the meeting house, and that the defendant was acting as one of the building committee of the association, when he applied to him to draw the boards. The defendant, in requesting the plaintiff to draw the boards, acted only as building committee, and did not intend to make himself personally responsible to the plaintiff, and did intend, that, if the plaintiff drew the boards, he should draw them towards his original subscription; but the plaintiff did not intend so to draw them.

The defendant offered as evidence before the auditor, as tending to prove the existence of the association, and the acts of the same, the original articles of association, the written assent of the members to the location of the house, and several instruments showing the doings of the association at their meetings, and the division of the pews in the house among the members of the association. To the admission of all these the plaintiff objected, as irrelevant. But the objection was overruled by the auditor, and the evidence was admitted. In the progress of the hearing before the auditor the defendant called, as a witness, the secretary of the association,—to whose admission the plaintiff objected, upon the ground of interest; but the auditor overruled the objection, and admitted the witness.

The auditor reported that the defendant, at the time the plaintiff first demanded payment from him for drawing the boards, had no funds of the association in his hands, and had not had such funds from that time until the time of the audit. It appeared that there was a condition attached to the plaintiff's original subscription, that the amount of it should be paid in lumber, to be delivered by him at his saw mill, which was at variance with the contract expressed in the paper subscribed, and that Abbott had never expressly waived his right, if any he had, to pay the amount subscribed by him in lumber, and that the association never expressly, by any vote, or action at any meeting, disclaimed, or adopted, this subscription, but that the association, and Abbott himself, to the time of the final division of the pews, invariably acted as though Abbott was, *de facto*, a member of the association.

The auditor decided that the plaintiff was not entitled to recover. The county court accepted the report, and rendered judgment in favor of the defendant; to which decision the plaintiff excepted.

*C. W. & H. F. Prentiss* and *J. Cooper* for plaintiff.

1. If the association, mentioned in the auditor's report, was a corporation under and by virtue of chap. 81 of Rev. St., 391, 392, 393, then the case of *Cheney* v. *Clark*, 3 Vt. 431, is not an author-ity against the plaintiff. It appears very clear that this association was a corporation.

2. The employment of the plaintiff to do the labor, which is the subject matter of his account, was by the defendant alone, not by the three members of the committee, nor by a majority. This did not bind the committee, and through them the association, or corporation. If a trust be public, a majority may bind; if private, all must concur. Here is neither all, nor a majority. The defendant therefore bound himself. *Ives* v. *Hulet*, 12 Vt. 314.

3. The plaintiff never consented to look for his pay to the committee, or the association, or corporation, but refused to do so on the personal application of the defendant. Of course the defendant was fully cognizant of this. It appears by the report that the defendant applied to the plaintiff to draw the boards and have the pay for his labor "credited on his subscription," "which the plaintiff however did not engage to do." It appears that the defendant afterwards made no personal application to the plaintiff, but sent Colby, who, in general terms, "requested the plaintiff to draw the boards." Is it not apparent, that, after a refusal on the first application, which was to draw the boards on the credit of the corporation, the second application, being in general terms to draw the boards, is to be understood with a reference to the first refusal, and shows that the labor was assumed on a different basis from that on which the first application was placed, and upon the credit of the defendant solely? For it does not appear that it was thought of at all, by either party, to draw the boards on the credit of the corporation, unless it was to go on plaintiff's subscription. *Morrison* v. *Heath*, 11 Vt. p. 610. Then why should the plaintiff be turned round to any other remedy than the present one? He has a remedy somewhere, and it is believed he has sought the only remedy which he can have by law.

Abbott *v.* Cobb.

*J. H. Kimball* for defendant.

In whatever character the defendant acted, whether as agent for an association with corporate powers under the statute, or for an association of individuals merely, having a common interest, jointly concerned in a common purpose, he is not liable. *Cheney* v. *Clark,* 3 Vt. 431. If he made any promises, they were made in his capacity of agent, for services known to the plaintiff to be for their common interest, and which did not bind him personally. Sw. Dig. 329. *Proctor* v. *Webber,* 1 D. Ch. 371.

The opinion of the court was delivered by

WILLIAMS, CH. J. It is always necessary for a party, asking to recover of a defendant, to establish all the facts necessary to entitle him to a judgment. In the present case the plaintiff has made no proof against the defendant, and, if he should prevail, the defendant is made a debtor without his consent, and against his will.

The defendant was an agent of a voluntary association, of which the defendant and plaintiff were both members. The nature of his agency and the extent of his powers were known to the plaintiff. It is not made to appear that he exceeded his authority. It does not appear that he ever made himself personally liable to the plaintiff, for the claim he brings against him, or that he has any funds of the association for the purpose of paying the plaintiff; but the negative of all this is expressly found by the auditor. There can be no pretence, therefore, for charging the defendant with this claim of the plaintiff. Under a much stronger claim, in the case of *Cheney* v. *Clark,* 3 Vt. 431, and under a more favorable state of facts for the plaintiff, the court held the defendants not liable. That case was very similar to the one under consideration, in some particulars.

It is not perceived that there was any valid objection to the admission of the papers noticed in the report. If they were wholly immaterial, they could have occasioned no injury to either party. They might have been of some importance, in showing more clearly the relative situation of the parties, and that the defendant, in all he did, acted only as one of the building committee. We see no reason for rejecting them.

The secretary of the society, who was a member of the association, had no interest in this suit, in favor of the defendant, which

---

should have excluded him from being a witness for the defendant. If the individual members of the association are personally liable, it is indifferent to them, whether they pay this claim to the plaintiff, or defendant.

The judgment of the county court is affirmed.