## NEWHALL & STEBBINS *v.* KINNEY & MILES.

### *Attachment.*

An attachment of all of the debtor's real estate in a certain town, followed by a levy upon a "*saw mill,*" includes a circular saw mill, which is in and constitutes a part of the saw mill.

TRESPASS. Heard by the court, March Term, 1884, POWERS, J., presiding. Judgment for the defendants. The defendants detached and removed the property in contention.

*Pitkin & Huse,* for the plaintiffs.

In determining what passes with the realty as parcel of it, the same rule obtains between debtor and execution creditor and between vendor and vendee; and by that rule, the circular saw mill did pass under the attachment and levy. *Barnard* v. *Russell,* 19 Vt. 334; *Davenport* v. *Shants,* 43 Vt. 546; 3 Wait Act. & Def. 377, 390; *Stillman* v. *Flenniken,* 13 Reporter, 463; *Pierce* v. *Brayton,* 19 Iowa, 309; *Farrar* v. *Chaufetete,* 5 Den. 527; *Waterhouse* v. *Gibson,* 4 Greenl. 230; Her. Est. 126, 347; *Trull* v. *Fuller,* 28 Me. 545; *Parsons* v. *Copeland,* 38 Me. 537; *Strickland* v. *Parker,* 54 Me. 263; *Voorhis* v. *Freeman,* 2 W. & S. 116; *Borrell* v. *Dewart,* 37 Pa. St. 134; *Ege* v. *Kille,* 84 Pa. St. 333; *Morris's App.,* 88 Pa. St. 368.

*S. C. Shurtleff*, for the defendants.

The circular saw mill was not a part of the realty. *Tobias v. Francis*, 3 Vt. 425 ; *Sturgis* v. *Warren*, 11 Vt. 433 ; *Fullam v. Stearnes*, 30 Vt. 443; *Bartlett* v. *Wood*, 32 Vt. 372 ; *Harris v. Haynes*, 34 Vt. 220 ; *Swetzer* v. *Jones*, 35 Vt. 317.

The opinion of the court was delivered by

Ross, J. The officer attached all the real estate in the town of Berlin, as the property of defendant Kinney, and levied upon about one acre of land, which it is conceded the defendant Kinney owned at the time of the attachment, and which in the levy is described by metes and bounds ; and further, as " the east part of the grist mill, the saw mill, east half of the storehouse building, the mill pond and dam, and three-fourths of the water power," etc. The contention is, whether the attachment and levy unredeemed, passed the property of the circular saw mill, which was in and constituted a part of the saw mill, at the time of the attachment and levy. It is conceded, that under a description of a piece of property as a saw mill, the circular saw mill with the appurtenances and machinery connecting it with the motive power therein, would be conveyed by a deed from a vendor to a purchaser. A levying creditor, in the eye of the law, is a purchaser of the property set off to him in satisfaction of his debt, against the judgment debtor. The building denominated a saw mill in the description, was erected for a saw mill, and the circular saw mill put into it as a part thereof. Whatever refinement there may have been in the past or still exists, by which, between landlord and tenant, or mortgagor and mortgagee, such property is held to be not a part of the real estate, between vendor and purchaser, and between levying creditor and his debtor, it has been pretty uniformly held, in the past, and is now held almost without exception, that under a description of the property conveyed as a saw mill, the saw of whatever kind with the appurtenances and machinery which operate it, and which alone makes the property what it is denominated, a saw mill, passes to the purchaser

Newhall & Stebbins *v.* Kinney & Miles.

or levying creditor. This is abundantly shown by the authorities cited by the plaintiffs' counsel. Any other construction would fail to effectuate the intention of the parties. Doubtless, in the appraisal of the saw mill, in the set-off to the plaintiffs, the value of the circular saw mill was included. The circular saw mill, in actual use in a building erected for a saw mill, constitutes a large part of the value, and gives the building its peculiar character as a saw mill. The simple fact that the circular saw mill might be removed, and another substituted in its place without material injury to other parts of the building, is not determinative of whether it was intended to pass to the purchaser, or to a party who stands in the relation of a purchaser, upon a conveyance of the property. Such removal and substitution can be made of almost any other part of a saw mill, of the doors, windows, water wheel, sills, ridge pole even. But when once fit'ed up with these, or with a circular saw mill, the removal thereof without a substitution takes away an essential part of the saw mill, and the purchaser, or he who stands in the relation of a purchaser, would fail to receive the property which he bargained for under the description, saw mill. We think the plaintiffs' attachment and set-off, unredeemed, conveyed to them the circular saw mill, with its appurtenances, as it was in the building denominated, "the saw mill," at the time of such attachment and set-off. The *pro forma* judgment of the County Court is reversed, and judgment rendered for the plaintiffs as stipulated in the agreed case.