# W. M. KENDALL

v.

## D. B. AND DAVID HATHAWAY ET AL.

## W. M. KENDALL v. B. D. HATHAWAY ET AL.

OCTOBER TERM, 1894.

*Fixtures.   Machinery.*

1.  Whether machinery attached to the freehold after the execution of a mortgage, and not referred to in the mortgage, belongs to the mortgagee or to the grantee of the mortgagor must be determined by the decisions in this state, as though the statute permitting the mortgaging of machinery had never been enacted.

2.  In order to change the character of property from chattel to real by annexation to the freehold, it must be attached in such a manner that it cannot be removed without permanent injury to the realty or to the property itself as a chattel.

3.  A cider mill and shingle mill standing on legs, and only held in place by the belts which run them, and a circular saw-mill so attached to the building that it can be removed without damage to itself or the building, are chattels, and do not pass under the mortgage.

These two suits were heard together, the question in each being the same.  The first was trover for a shingle mill, and the second replevin for a circular saw-mill and cider mill.  Trial by court at the May term, 1894, Windsor county, THOMPSON, J., presiding.  Upon the facts found judgment was given in the trover suit for the defendants to recover their costs, and in the replevin suit for a return of

the property, one cent damages and costs. The plaintiff excepts.

The plaintiff owned a farm which he sold to one Tracy, who mortgaged back for the purchase money. Subsequently Tracy sold a small piece to the defendants, which he conveyed by warranty deed, and upon which they built a mill. The property in question was put into this mill by them and used there. The manner in which it was attached to the mill appears in the opinion. The plaintiff foreclosed his mortgage, and when it became certain that the defendants' mill must pass under the decree, they removed from it the property in suit.

*James G. Harvey* and *William Batchelder* for the plaintiff.

The defendants stood the same as the mortgagor. *Davidson* v. *Gaslight Co.*, 99 N. Y. 558; *Tilman* v. *DeLacy*, 80 Ala. 103; *Foote* v. *Gooch*, 96 N. C. 265.

After condition broken, the mortgagee is the owner of the property. His title is made absolute by foreclosure proceedings. *Preston* v. *Briggs*, 16 Vt. 126; *Hagar* v. *Brainard et al.*, 44 Vt. 294; *Davenport* v. *Shants*, 47 Vt. 546; *Lull* v. *Matthews*, 19 Vt. 322.

The test is not whether the machinery could be removed and used elsewhere. *Roddy* v. *Brick*, 42 N. J. Eq. 218; *Newhall & Stebbins* v. *Kinney*, 56 Vt. 591; *Allen* v. *Mooney*, 130 Mass. 157; Jones, Mort., 444, note 4; *Walmsley* v. *Milne*, 7 C. B. N. S. 115–118; *Smith Paper Co.* v. *Servin*, 130 Mass. 511; *Southbridge Bank* v. *Exeter Mch. Wks.*, 127 Mass. 542; *Pierce* v. *George*, 108 Mass. 78; *McConnell* v. *Blood*, 123 Mass. 47; *McLaughlin* v. *Nash*, 14 Allen 136; *Langdon* v. *Buchanan*, 62 N. H. 657.

*William E. Johnson* for the defendants.

The property sued for had not become a part of the realty. *Tobias* v. *Francis*, 3 Vt. 431; *Sturgis* v. *Warren*, 11 Vt. 433; *Fullam et al.* v. *Stearns et al.*, 30 Vt. 443; *Hill* v. *Wentworth*, 28 Vt. 428, 429; *Bartlett* v. *Ward et al.*, 32 Vt. 372; *Harris* v. *Haynes*, 34 Vt. 224; *Davenport* v. *Shants et al.*, 43 Vt. 546; *Newhall & Stebbins* v. *Kinney & Miles*, 56 Vt. 541.

ROSS, C. J.   These cases were heard together. The first named is replevin, and the last trover. The parties in interest are the same in both cases. The first is to recover a circular saw-mill, a cider mill, and some machinery. The second is to recover for a shingle machine. The rights of plaintiff to the property in both suits, if any, are derived from a mortgage of a farm from the grantor of the defendant Hathaways, executed in 1866. At that time the part of the farm on which the property sued for was afterwards placed and used, was unimproved, and the mortgage contains no words descriptive of the property in controversy, subsequently placed thereon by the Hathaways. Hence the plaintiff's rights to the property in controversy are to be determined upon the basis of whether the property, on the facts found, was real estate. Although in 1860 the statute was enacted, now R. L. 1980, allowing "machinery attached to, or used in a shop, mill, printing office or factory," to be mortgaged by a deed executed as required for the conveyance of real estate, that statute is not applicable, inasmuch as when the mortgage determinative of the plaintiff's rights was executed, the machinery in controversy did not exist, and is not alluded to in the mortgage. The defendants, Hathaways, purchased a small piece of the land covered by the plaintiff's mortgage, from the mortgagor in 1871, took a duly executed warranty deed thereof, created a water power, and erected a saw-mill and grist mill thereon. The other defendants stand upon the

rights of the Hathaways.   Hence the controversy, involved in these suits, is to be determined by the law established by the decisions of this court as existing between mortgagor and mortgagee, without reference to the law of 1860, providing for the mortgage of machinery.   There was no machinery in existence, and no attempt to describe or mortgage any when the mortgage, under which the rights of the plaintiff and defendants are to be determined, was executed.   The contention is narrowed to whether, under the decisions of this court, the property sued for was fixtures, or personal property.   If any of it, on the facts found, had become a fixture, the plaintiff can recover for it.   This is his only right of recovery.   The decisions of other courts, at variance with the decisions of this court, cannot control.   The decisions of this court on this subject are of so long standing and of so frequent occurrence that they have become rules of property presumably acted upon by parties ; and, if in conflict with the decisions of other courts, to reverse them would disturb and overthrow rights of property.   The decisions of this court determinative of the relative rights of the mortgagor and mortgagee to machines and machinery, when not controlled by the words used, descriptive of the property intended to be conveyed, are *Tobias* v. *Francis*, 3 Vt. 431 ; *Sturgis* v. *Warren*, 11 Vt. 433 ; *Hill* v. *Wentworth*, 28 Vt. 428 ; *Fullam et al.* v. *Stearns et al.*, 30 Vt. 443 ; *Bartlett* v. *Wood et al.*, 32 Vt. 372 ; *Harris* v. *Haynes*, 34 Vt. 224 ; *Davenport* v. *Shants et al.*, 43 Vt. 546 ; *Newhall & Stebbins* v. *Kinney & Miles*, 56 Vt. 591 ; *Hackett* v. *Amsden*, 57 Vt. 432, and perhaps some other cases in which the question has been incidentally touched upon.   Unless controlled by the language of the deed descriptive of the property intended to be conveyed, or by language which brings it within the statute allowing machinery to be mortgaged, there is no conflict in the principles governing these decisions.   This principle is as fully stated and summarized in *Harris* v. *Haynes*, 34

Vt. 225, as in any of the cases. It is there stated as follows :

"It is sufficient to say that the leading principle resulting from those decisions is, that actual annexation to the freehold and adaptation to its purposes is not sufficient to convert chattels into fixtures, unless they are fastened in such a manner as to show an intention to incorporate them firmly with the inheritance ; and, that if articles of machinery, used in a factory for manufacturing purposes, are only attached to the buildings to keep them steady and in their place, so that their use, as chattels, may be more beneficial, and are attached in such a way that they can be removed without any essential injury to the freehold, or to the articles themselves, they still remain personal property."

The announcement of this principle followed the decisions of *Hill* v. *Wentworth*, of *Fullam et at.* v. *Stearns et al.*, and of *Bartlett* v. *Wood et al.*, in which the question of what was necessary to be done by the owner of a personal chattel to incorporate it into the freehold, so that it would become a fixture or part of the freehold, had been fully discussed, considered and determined, with reference to a great variety of machines used in buildings erected, and used for various manufacturing purposes. The circular saw-mill and parts connected therewith, the shingle machine and the cider mill, were each a machine or personal chattel before it was set up by the Hathaways in their mill. The grist mill, though named in the replevin suit, was not replevied, and is not for consideration here. The shingle mill and the cider mill stood upon legs, and were held in place by their own weight. They were not attached to the building otherwise than by being connected with the motive power by belts. The circular saw-mill and parts connected therewith were not permanently attached to the building. All were so placed and constructed that they could be removed without injury to themselves and without injury to the building. They could be used with equal facility in any building where suitable power could be obtained. The

building itself could be refitted with similar machines. These were all placed in the building by the Hathaways for use only so long as they might desire. They were removed by them with the intent and purpose of using them in another building. The finding that the Hathaways had no specific intention of removing these machines and parts connected therewith, until made aware that their water power, mill, and everything contained therein would be taken in payment of a debt which they never contracted nor were liable to pay, unless they then removed these machines, does not vary their legal right to remove them while lawfully in possession of the property as established by the character of the machines and connected parts, fixed and determined by the manner in which they were connected with the freehold. As considered and shown in *Fullam et al.* v. *Stearns et al.*, 30 Vt. 443, between the mortgagor and mortgagee and the creditors of the latter, the manner in which such machines are annexed to the freehold determines whether they remain personal chattels, or have been converted into fixtures. Until the law allowing machinery to be mortgaged, the creditor and his officer could determine whether the machine remained a personal chattel or had become a fixture, only from the character of the machine, the manner of its attachment to the freehold, and whether it could be removed without substantial injury to itself and to the freehold, and whether it was equally well adapted for use in any other building equipped with proper motive power. Upon these principles, on the facts found, the property in controversy in both suits must be held to be personal chattels, which the Hathaways had the right to remove.

*Judgments affirmed.*