CALVIN C. BURT v. JOSEPH LATHROP ET AL.

*Associations not for partnership.*

An association in which the conditions of membership are the payment of an entry fee and of *pro rata* assessments, but which does no business involving profit or loss, is not a partnership; and the members are not personally liable on contracts made by its officers.

Error to Wayne. (Speed, J.)    Oct. 23.—Dec. 20.

ASSUMPSIT. Plaintiff brings error. Affirmed.

*C. C. Burt*, in person, for appellant.

*Julian G. Dickinson* and *C. A. Kent* for appellees.

CAMPBELL, J. Plaintiff sued a large number of defendants as jointly liable to him for his services as attorney in defending some patent suits concerning the right to use certain hard-rubber material in dentistry. He declared spe-

cially and with the common counts for these services, and also set up two judgments rendered in Jackson county for the same causes of action. Upon trial the court below ordered a verdict for defendants.

The counts which describe the judgments do not set them out in such a way as to make out any legal liability under them against all these defendants, and the proofs are not any more definite. It appears affirmatively that no jurisdiction existed to bind more than a part of them, and there can be nothing claimed for them under the issue as presented. They may, therefore, be laid aside.

The ground for asserting a claim against the defendants jointly is that they are claimed to have become members of an association combined for the purpose of legal resistance to the claims of a patentee, and that plaintiff was employed by their officers.

There is no testimony tending to show any immediate personal employment of plaintiff by the defendants, jointly or individually, so as to justify this joint action. But it was claimed that they stood on the footing of partners bound by the action of their designated managing members.

The testimony indicates that several of the defendants, at various times, became members of an association which, so far as pertinent to this inquiry, required them to pay five dollars each into the treasury and to pay such assessments as should be levied pro rata, on pain of being left out of the association and its privileges. The officers were to employ counsel, and money was to be paid on the order of the president and secretary.

We can find in this arrangement nothing analogous to a partnership. There was no common business and nothing involving profit and loss in a business sense. No one was empowered to make contracts binding on the subscribers personally, and no one was to be liable except for assessments nor even for those except as he saw fit to pay them to keep his membership. It was nothing more than a combination which may have made the parties in some respects responsible to each other, but which did not, we think,

authorize any contract with third persons which should bind any member personally beyond his assessments. As plaintiff was not only aware of the articles but showed that he acted under them and in furtherance of them in various ways, no question arises in the nature of an equitable estoppel.

We are not concerned on this record to consider whether plaintiff has any other adequate means of securing compensation. The only question now is whether these defendants are his joint debtors. We think they are not.

The judgment must be affirmed with costs.

The other Justices concurred.