## CLARK, RECEIVER, v. SCHROMEYER.

[No. 2,946.   Filed December 22, 1899.]

APPEAL AND ERROR.—*Assignment of Cross-Errors.*—*Intervening Errors.*—Where the complaint is bad, a judgment in favor of defendant will be affirmed upon an assignment of cross-error on the sufficiency of the complaint, although subsequent errors intervened, if a right conclusion was reached.   *pp. 565, 566.*

INSURANCE.—*Beneficial Associations.*—*Collection of Assessments.*—An assessment insurance company cannot collect an assessment from one who has accepted a policy and ceased paying thereon, since the contract is unilateral, and the only penalty which follows a refusal to pay is the loss of the policy-holder's rights thereunder.   *pp. 566-569.*

From the Clay Circuit Court.   *Affirmed.*

*J. M. Rawley* and *T. W. Hutchison,* for appellant.

*E. S. Holliday, F. A. Horner* and *S. D. Coffee,* for appellee.

HENLEY, J.—This action was by the receiver of the Masonic Benevolent Association of Central Illinois, a foreign corporation, to collect assessments which were alleged to have accrued prior to the dissolution of the association and before the receiver was appointed.   The complaint was in two paragraphs.   Appellee demurred to each paragraph of complaint.   Appellee answered in two paragraphs, the first of which was a general denial.   Appellant's demurrer to the second paragraph of answer was overruled.   A reply of general denial put the cause at issue.   There was a trial by the court resulting in a general finding for appellee.   Appellant's motion for a new trial was overruled, and judgment rendered in appellee's favor.   Appellant assigns as error the action of the lower court in overruling the demurrer to the second paragraph of answer, and in overruling the motion for a new trial.   Appellee has assigned cross-errors separately questioning the action of the lower court in overruling his demurrer to each paragraph of the complaint.

We will dispose first of the questions arising upon the assignment of cross-errors, because, if the complaint was bad, and appellee's demurrer ought to have been sustained to it, it is not material whether or not subsequent errors intervened; in such a case the judgment of the lower court will be affirmed, because a right conclusion has been reached. *Ice* v. *Ball,* 102 Ind. 42; *Palmer* v. *Logansport, etc., Co.,* 108 Ind. 137; *Davis, etc., Co.* v. *Booth,* 10 Ind. App. 364; *Butler* v. *Pittsburgh, etc., R. Co.,* 18 Ind. App. 656.

The only questions presented by the demurrer to the complaint are these: Can the receiver of an assessment insurance company collect an assessment from one who has accepted a policy but has ceased paying thereon? Is the contract unilateral, and is the only penalty which follows a refusal to pay, the loss of the policy-holder's rights thereunder? These are new questions in this State. Life insurance contracts have been universally held to be unilateral unless by their express terms made otherwise. The certificates issued by the association for which appellant was the receiver, were beneficiary certificates payable upon the death of the holders. They were in their nature policies of insurance; the company so issuing them was substantially a life insurance company. In 2 May on Ins. §550a, it is said: "There are certain organizations prevalent in this country and elsewhere, under the name of relief, benefit, or benevolent societies, or some similar name, which generally have for their object aid to their members, or their widows and children after the decease of their respective members, and in some cases having both objects. These associations, though not speculative, and not based upon capital paid in as an investment, have nevertheless a general purpose of mutual protection. * * *. Their certificates of membership often resemble, both in form and substance, ordinary policies of life insurance; and the courts have with great uniformity treated them as substantially life insurance companies, applying to them, and to the relatives

of the members, the rules and principles applicable to the contract of life insurance." See, also, *Association* v. *Robinson*, 147 Ill. 138, 35 N. E. 168; *Rockhold* v. *Society*, 129 Ill. 440, 21 N. E. 794, 2 L. R. A. 420; *Commonwealth* v. *Weherbee*, 105 Mass. 161.

The case of *Lehman* v. *Clark, Rec.*, 174 Ill. 279, 51 N. E. 222, was in all respects like the case at bar. Appellee, in that case, was the same person as the appellant in the case at bar. Precisely the same questions were before the supreme court of Illinois as are here presented. It was there held that the certificate or policy of insurance, such as was issued to the appellee in this case, was a unilateral contract. The case of *Lehman* v. *Clark, Rec., supra,* was decided June 23, 1898, which was after the trial and judgment in the case at bar. The supreme court of Illinois in construing this contract of insurance say: "Such contracts have heretofore always been considered unilateral and so the whole plan' for withdrawing is embraced in these self-executing clauses of the by-laws and contract. The member's failure to pay is his declaration of severance, and the forfeiture provided for in the by-laws and contract is the association's compensation. The option is with the member, and not with the association. When appellant became a member he was required, among other things, to pay a sum into the mortuary surplus fund. This sum was two maximum assessments on his $4,000 certificate. This money went directly into the fund for paying death losses,—not a cent of it for dues or expenses. This more than paid his insurance from the date of his admission to the date of the maturity of his assessment for the first death benefit after he became a member. When he had paid the first assessment that paid for his insurance to the maturity of the second and so on. The requirements for admission, not only in this association but in all benefit associations or societies, more than cover the member's insurance from the date of his admission to the maturity of the first assessment after he becomes

a member. The statute under which the receiver was appointed contemplates that if the court shall find that the association cannot longer continue in operation and properly serve its purpose, then the court shall appoint a receiver, and wind up its affairs, or, if the court shall find that it might longer continue in business, and properly serve its purpose, if its officers would do their duty in making assessments, then the court need not appoint a receiver, and wind up the concern, but may order an additional assessment to be made to meet deficiencies and allow the concern to continue in operation. This shows that the legislature treated these contracts as unilateral. It did not contemplate the making of an assessment after the association had been found unable longer to properly serve its purpose. It is true that, a receiver having been appointed by the court, the court has power, independently of any statute, to order him to collect assets; but that power does not change the character of the contract between the association and the member, and make the member a debtor who by his contract is not so. When such association or society for any reason becomes unable longer properly to carry out its purposes some must lose. All must lose except those that died and were paid before the association became disabled. Those that have died and not been paid should have all there is left and lose the balance. Those that continue to live get nothing and lose all. But it is said those that continue to live had their insurance all the time. They had just that kind of insurance that those that died had, and no better, and paid just as much for it. Those that have died get the surplus fund and whatever else there is, and those that have lived get nothing. The mistakes or mismanagement which caused the ruin, if the fault of the members at all, was as much the fault of the dead as the living, and was equally the misfortune of all."

We think the supreme court of Illinois arrived at the proper conclusion. Appellant correctly contends that the

contract should be construed and governed by the charter and by-laws of the society and the statute of the domicil of the corporation. This being true, then the case last quoted from is decisive of the question in this case.

Appellant went to trial upon an insufficient complaint. The trial resulted in favor of appellee. There being no cause of action stated against appellee, the judgment of the lower court in his favor was correct, and the intervening errors, if any, will not be considered. Judgment affirmed.