## COCHRAN v. BOLEMAN ET AL.

[No. 20,350.   Filed May 17, 1904.]

BENEFICIAL ASSOCIATIONS.—*Assessments.—Liability of Members.*—The members of the benefit department of an unincorporated mutual insurance association are not personally liable on an assessment for a death claim, where the only provision in the by-laws of the association for the enforcement of payment of assessments is forfeiture of membership in the association.

From Superior Court of Vanderburgh County; *John H. Foster*, Judge.

Action by Louisa J. Cochran against Thomas Boleman and others. From a judgment for defendants, plaintiff appeals. Transferred from Appellate Court, under §1337u Burns 1901. *Affirmed.*

*A. W. Funkhouser, A. F. Funkhouser, G. K. Denton* and *C. M. Seiler*, for appellant.

*Alexander Gilchrist, C. A. De Bruler* and *J. D. Welman*, for appellees.

MONKS, J.—This action was brought by appellant on a certificate of insurance on the life of her deceased husband in the mutual benefit department of the Order of Railway Conductors of America, an unincorporated association, having its principal place of business at Cedar Rapids, Iowa, against the individual members of said department residing in this State. The complaint was in two paragraphs. A demurrer for want of facts was sustained to each paragraph, and, appellant refusing to plead further, judgment was rendered in favor of appellees. The ruling of the court on said demurrer is assigned for error.

It is alleged in the first paragraph of complaint that the defendants and several thousand other persons living in other states, without the jurisdiction of the court, are, and were at the time the contract of insurance was entered into, members of the mutual benefit department of the Order of

Railway Conductors of America; that such department claimed and held itself out to be at the time the contract was made an unincorporated mutual insurance association, and that the president and secretary of the Grand Division of the Order of Railway Conductors of America and an insurance committee appointed by said Grand Division were the agents of the members for the purpose of transacting the business of the association. The death of the insured, and the performance of all the conditions to be performed by appellant and the deceased are alleged. It is also averred that the by-laws of said mutual benefit department are a part of the contract sued upon, and copies of the application, certificate, and by-laws are made a part of the complaint.

It is provided in the certificate sued upon that in consideration of the membership fee, and of each and every assessment that may be levied against said certificate in accordance with the then existing laws governing the said mutual benefit department, said department "agrees with A. S. Cochran in case of his death, and after due notice and satisfactory evidence of such death is received and the claim is properly approved in accordance with the laws governing the said mutual benefit department, to pay or cause to be paid, to the person or persons as herein provided, such sums as may be realized from an assessment levied on account of such death. The amount herein provided for to be paid as follows: $3,000 to L. J. Cochran, who is my wife, * * * provided that the sum to be paid under this certificate on account of death or disability of the member herein named shall in no case exceed the sum of $3,000. It is distinctly declared, covenanted, and agreed that this certificate is but evidence of membership in said mutual department, and that it in no sense and at no time promises or agrees to anything that is not dependent at all times upon the laws of said mutual benefit depart-

ment as they may be legally adopted from time to time." Said certificate was issued February 10, 1897.

It is provided in the application, which is made a part of the agreement contained in said certificate, that, "if payment for each and every assessment is not received by the treasurer within two calendar months from the date of notice thereof, membership in the mutual benefit department of the Order of Railway Conductors of America and all rights to any benefit therein is forfeited." Section eight of the by-laws provides that "the secretary shall receive and hold in trust all funds of the department, and for each approved claim, he shall as soon as possible, pay to the proper person or persons such an amount as shall be realized from an assessment levied for the purpose of paying the claim, provided the amount paid shall in no case exceed the amount for which the claimant was insured." Section thirteen of the by-laws provides for the levying of assessments to pay approved death and disability claims, and "if any of the above assessments are not paid at the office of the department within two calendar months from the date of the notice thereof, the certificate or certificates upon which such payments have not been made, shall be forfeited, together with all rights to any benefit thereunder. If after the approved claims against the department for the year have been paid, there shall be in the treasury to the credit of the fund a surplus which shall render such action consistent, one or more assessments will be suspended or omitted from the notices for the following year."

It is not alleged that there is any statute of Iowa which in any way affects or controls the liability of the members of said mutual benefit department to said department or to each other, nor is any statute of said state set out and made a part of the complaint. The by-laws of the mutual benefit department show that the sole purpose thereof is to aid and benefit the disabled members and persons having an in-

surable interest in the lives of deceased members. The personnel of the membership changes from time to time by the addition of new members, the death of old members, and by forfeitures of membership. The by-laws, which are a part of the certificate and application, show the methods of operating said department, and the means of raising the money to pay death losses, through assessments levied upon the members. Nowhere in said constitution and by-laws is any provision made for a distribution of profits or for any commercial losses. It is evident that said department does not exist for any purpose of gain. Said unincorporated association is clearly not a partnership. Bacon, Benefit Soc., §§28, 30, 112, 116; Niblack, Benefit Soc. (2d ed.), §80 et seq.; Bates, Partnership, §75; *Lafond* v. *Deems,* 81 N. Y. 507, 514; *Richmond* v. *Judy,* 6 Mo. App. 465, 467; *Burt* v. *Lathrop,* 52 Mich. 106, 17 N. W. 716; *Payne* v. *Snow,* 12 Cush. (Mass.) 443, 59 Am. Dec. 203; *Caldicott* v. *Griffiths,* 22 Eng. L. & Eq. 527. Appellant admits that said members are not partners, but insists that the individual members of the department are liable for a death claim, for the reason that the officers are elected by the members, and the by-laws give such officers the authority to make contracts such as the one sued upon, and in making such contracts the officers represent the members. It is true the by-laws authorize certain officers named to make such contracts, but the application, the certificate, and the constitution and by-laws of the department constitute the contract by which the obligations of the members to each other and to the department must be determined.

When Asa S. Cochran, appellant's husband, now deceased, became a member of said mutual benefit department of said order, he consented and agreed to the by-laws of said department and the application and certificate issued to said Cochran, in which appellant is named as the beneficiary, as the contract which was to govern him and the other members of said department in adjusting

their rights and obligations among themselves. Bacon, Benefit Soc., §§37-39; *St. Mary's Benefit Society* v. *Burford,* 70 Pa. St. 321. According to this contract there was no promise to each member by all the other members that in the event of his death they would pay his beneficiary anything. The only provision made to compel the payment of the assessments to said department is the penalty of forfeiture of membership in said department and of all rights under said contract. In such a case the assessment can not be collected by a suit against the member refusing to pay the same. *Gibson* v. *Megrew,* 154 Ind. 273, 48 L. R. A. 362; *Lehman* v. *Clark,* 174 Ill. 279, 51 N. E. 222, 43 L. R. A. 648; *Clark* v. *Schromeyer,* 23 Ind. App. 565. Under this kind of a contract, the members of said department are not personally liable to a beneficiary for a death claim. *Hammerstein* v. *Parsons,* 38 Mo. App. 332; *Payne* v. *Snow, supra; Bryden* v. *Hinds,* 55 Alb. L. J. 327. It follows that the demurrer to the first paragraph of complaint was properly sustained. For the same reason the second paragraph of complaint was insufficient.

Judgment affirmed.