## VOLUNTARY ASSOCIATIONS OF BUSINESS CONCERNS.

[Common Pleas Court of Hamilton County.]

THE MILLER, DuBRUL & PETERS MANUFACTURING Co. v. THE
LAIDLAW-DUNN-GORDON Co.*

Decided, December 11, 1905.

*Organizations Composed of Corporations, Firms and Individuals— Not for Profit but for Mutual Protection—Delegated Powers not Surrendered, When—Attributes of Co-Partnership—Things not Ultra Vires—Mutual Agency—Executed Contracts—Member of Organization Liable for Assessment to Pay Running Expenses.*

1. Organizations may have the attributes of a co-partnership, and as against creditors those so associated are generally regarded as partners under the doctrine of estoppel; but as between parties there can be no partnership unless one was intended.
2. A voluntary association composed of corporations, firms and individuals, formed not for profit, but for the "mutual protection of its members and their employes by a uniform basis of just and equitable dealings between them and for the investigation and amicable adjustment of their difficulties," is not as between such members a partnership. Nor is the accomplishment of its objects, as indicated by its preamble, such as would apparently amount to a surrender or delegation of the powers of the board of directors of the corporate members thereof. An organization formed to carry out such objects in good faith is not an illegal enterprise, in which corporations can not join; and an assessment to pay its running expenses levied by agreement upon its members in the ratio of the number of operatives employed by each, is valid.

PFLEGER, J.

Heard on demurrer to the petition.

The plaintiff, a corporation, on behalf of itself and others, members of the National Metal Trades Association, a voluntary association consisting of itself and many other individuals, partnerships and corporations, who are too numerous to bring before the court, says that in December, 1899, the defendant com-

*No appeal taken.

pany, together with other persons, firms and corporations, to protect their mutual interests, formed an association known as the National Metal Trades Association, and adopted a constitution and by-laws, whereby the objects of said association were declared to be as follows:

1.   The adoption of a uniform basis of just and equitable dealings between the members and their employes, whereby the interests of both will be properly protected.

2.   The investigation and adjustment by proper officers of the association of any question arising between members and their employes.

The petition alleges that, although the defendant was not present at the first meeting, it afterwards, in March, 1900, made application to join said association, was elected to membership and subscribed to said constitution and by-laws; that thereafter it participated in the deliberations of the meetings, and became obligated under such by-laws to pay certain dues and assessments, as revenues to carry on said association; that assessments were made upon the members upon the basis of the number of operatives employed by each; that certain assessments were paid by the defendant, and that others regularly assessed against said defendant were not paid, although it accepted the benefits of the association; and that there is due on said unpaid assessments the sum of $590.80, with interest on various items, for which the plaintiff prays judgment.

To this petition a general demurrer was filed by the defendant, on the ground that the petition did not contain facts sufficient to constitute a cause of action.

Briefly, the defendant claims that an Ohio corporation can not become a member of such a mutual association, because it is *ultra vires*.

The demurrer admits the truthfulness of the allegations made, and only such inferences of invalidity or illegality as the admitted facts fairly warrant. No question is raised regarding the right of the plaintiff to sue for itself and others. The defendant urges that inasmuch as both parties hereto are Ohio corporations neither one could be a member of this association; that this

association is in fact a partnership, and if indeed it is not a legal partnership, it is an organization of which a corporation could not become a member, and that no liability accrued by reason of such membership in any amount which could be fixed by the board of administrative council of said association. On the other hand, it is urged that the association is not a partnership, and if it were, then, as between the parties, courts will not excuse participants from paying their share of any liability, and mainly because the contract being executed, the doctrine of *ultra vires* can not be plead to evade such liability.

That a corporation can not become a member of a partnership is conceded as having been settled elsewhere, as well as in our state, by several recent decisions. It is claimed that the association is a partnership because it was created by contract; that it has a capital stock, to-wit, a reserve fund, and that it proposes to control its members in the adjustment of difficulties arising between such members and their employes. That these are some of the usual attributes of a partnership is true, but that they are decisive tests of a legal partnership does not follow. Organizations not for profit are created by contract, usually have a reserve fund and control its members, and yet these are not partnerships. Some authorities hold that the main characteristic of a partnership is the sharing of some mutual gain or profit (Lindlay on Partnership, p. 1) or of profit and loss (Clark & Marshall on Private Corporations, Section 185c). To this characteristic is added that of mutual agency as a result of such community of interest by the Supreme Court of the United States (*Karrick* v. *Hannaman*, 168 U. S., 328-334). Lindlay excludes from this operation societies and clubs, the objects of which are not to share profits, but to afford mutual protection (Lindlay on Partnership, Section V, p. 120). It is said with some force that protection, while it may be a benefit, does not prove that it is the gain or profit contemplated by the authorities. And it is said as a general rule that as to third persons certain conduct often estops participants from denying that a partnership exists, but that as between parties there can be no partnership unless one is intended (*London Assurance Co.* v. *Drennan*, 116 U. S., 461).

Plaintiff forcibly argues that it does not appear from the petition that the organization employs a capital for the purpose of gain or profit; that there is a mutual agency between its members, and that it was so intended between such members.

"The true principle is, and upon this view the apparent discordance in the cases may be nearly reconciled, that the law allows societies to imitate the organization and methods of corporations so far as their rights between themselves are involved, and will enforce their articles of agreements (nothing illegal or unconstitutional appearing) as between the parties to them, but the public and the creditors have a right to invoke the application of the law of partnership to the dealings of any trading association, unless such an association has the shield of incorporation." Abbott's Digest of Corporations, under the title "Association."

Defendant's counsel concedes that this Metal Trades Association is not an organization for money profit, but that it falls within the definition of a copartnership to "further its enterprise," as indicated by Morawetz on Private Corporations, Section 220. By this is evidently meant organizations having the salient features of a partnership but organized for the purpose of furthering the enterprise of the corporation. The court is of the opinion that the allegations of the petition do not indicate this mutual association to be a copartnership.

Defendant's counsel insists, however, that whether legally a copartnership or not, the organization was permitted to adopt for its members a uniform basis for just and equitable dealings between them and their employes, and to investigate and adjust questions arising between them.

The Standard Oil case, in 49 O. S., 137, 185, is referred to. In that case the entire control of various corporations was given by the directors to certain trustees, who were empowered to select directors, all of which were acts inconsistent with the character of a corporation and against the interests of the stockholders. But the principle there stated, that the directors of a corporation could not delegate their powers to others, so that the corporation would be controlled not by its officers, but by outsiders, was reiterated in *Bank* v. *Wehrmann*, 69 O. S., 160, in

*Geurick* v. *Alcott*, 66 O. S., 94, and in Clark & Marshall on Private Corporations, Section 185. It must follow that, no matter what the organization is in fact, whether a copartnership or a voluntary society, if its purpose be to surrender to outsiders the powers which strictly belong to the directors of a corporation, such corporation can not legally become a member of such organization. There are, however, many things which a corporation may share jointly with others without making such organization a partnership or inconsistent with the objects of a corporation.

Corporations, it has been held, may combine stock and work for a product to be divided between them and not for sale, as where each party is to keep and use the share that belongs to it (Parsons on Partnership, 4th Ed., Section 61). Mere community of interest as joint owners or tenants in common, where none of the parties acting alone can transfer or dispose of the entire property, or act for all others, can not constitute the parties copartners to each other (Clark & Marshall on P. C., Section 185*d*-4, and cases there cited). Suppose these corporations, in the interest of economy, jointly paid an organization of merchants police or watchmen to protect their properties from fire, or patronized a mutual credit association, through which the financial ratings of customers might be profitably obtained; or they paid a board of trade organization for the privilege of having its officers meet at a designated place to exchange business, it could hardly be claimed that these acts were *ultra vires*. Neither could this be claimed for an organization of lawyers, or experienced men of business, who were paid outright sums of money as compensation for amicably adjusting the difficulties corporations might have with their employes.

Let us further assume that, instead of paying any of these organizations a stipulated amount of money, a number of such corporations secured an organization, not for the purpose of profit, but to economize and to reduce the expense of obtaining the benefit of any such service, and to meet the actual cost of maintenance, in lieu of an arbitrary sum of money, determined to divide the cost thereof by the amount of capital invested by

each corporation, or by the number of square feet occupied by their respective plants, or, as in the case at bar, by the number of employes employed by each corporation, would this be an organization for profit, or would participation therein endanger the rights of the stockholders, or take away the power of a board of directors, any more than the payment of a fixed sum of money which was formerly obtained for the same service? If the objects of this National Metal Trades Association are faithfully set forth in its preamble, there is nothing apparent which points to any illegal feature, but, to the contrary, it has the commendable purpose of protecting both labor and capital and adjusting amicably their many differences.

An organization called the Missouri Bottlers' Association, the object being to secure the return of certain bottles used in their trade, and to protect the property and interests of its members against illegal traffic in such bottles or property, was held to be a legal body, with power to assess its members, and such an assessment to provide for fees and dues was held valid. *Missouri Bottlers' Association* v. *Finnerty,* 81 Mo. App., 525.

A similar organization for mutual protection and assessment of members was upheld in *Burke* v. *Lathrop,* 52 Mich., 106, and also in *Brown* v. *Stoerkel,* 74 Mich., 269. *White* v. *Brownell,* 4 Abbott Practice Rep. (N. S.), 162, had under review the liability of members of an open board of trade of stock brokers, and this was held to be not a partnership, but a legal organization.

It is not apparent from the allegations in the petition that the adoption of means used to protect the interests of employer and employe and the adjustment of their difficulties is compulsory if it were assumed that such participation in the association would in fact be a delegation of power which the directors of a corporation must retain. Whatever criticism might be made of the unreported decision of the Supreme Court in the Standard Wagon Co. case, it is plain to be seen that, notwithstanding the firm adherence of the Supreme Court to the principle that a corporation can not become a member of a partnership (*Genrick* v. *Alcott, supra; Bank* v. *Wehrmann, supra*), it held in the last

case that a national bank having purchased an interest in a partnership dealing in real estate, was liable, not as a partner, but as a part owner of the property of the syndicate for its share of the expense of purchasing, managing, improving and disposing of the property.

I am not forgetful of the fact that in these cases creditors were pursuing their rights. Much could be said in favor of the argument that the contract being executed on one side, a corporation having received the benefits of such contract, can not plead *ultra vires* to defeat a recovery. It is unnecessary to decide that question at this time. Irrespective of this, however, the court is of the opinion that the National Metal Trades Association, as alleged in the pleading, is not a copartnership, nor an organization for profit, and that membership therein by a corporation is not inconsistent with the character of the corporation, nor is there a delegation of powers from the directors which they are bound in law to retain; and that the amount sued upon, assessed in the manner in which it was, is but a just recompense for a legal service already performed.

· The court has been much aided by the arguments and briefs filed by counsel on both sides, which are characteristic of their industry and ability. The demurrer will be overruled.

*Frank W. Cottle* and *Ernst, Cassatt & McDougall,* for the demurrer.

*Anthony B. Dunlap,* contra.