# CHARLESTON.

### NEIKIRK v. WILLIAMS.

## Submitted January 15, 1918.  Decided January 29, 1918.

CONTRACTS—*Consideration.*

Return of a life insurance policy by the agent of the insurer at the request of the insured and surrender of his check drawn to the agent's order for the first annual premium, is no consideration for the insured's promise to pay such agent a certain sum of money in lieu of commissions, to which he would have been entitled from his principal, if the policy had been consummated, and creates no legal liability.

Error to Circuit Court, Mercer County.

Action by. F. C. Neikirk against W. T. Williams.  Judgment for plaintiff, and defendant brings error.

*Reversed and remanded.*

*Sanders & Crockett,* for plaintiff in error.

*Lee & Tanner,* for defendant in error.

WILLIAMS, JUDGE:

In the circuit court, on appeal from the judgment of a justice, plaintiff recovered a judgment for three hundred dollars, and defendant has brought the case here on writ of error. No written pleadings were filed before the justice or in court and plaintiff's ·testimoney is the only evidence in the case. His claim is based on defendant's promise to pay him $500 in consideration for his release from an agreement made with plaintiff, as agent of the Equitable Life Assurance Company, to purchase an annuity policy, the annual premium on which was $1,984, the $500 being in lieu of commissions which plaintiff would have been entitled to retain out of the premium, if it had been paid. The case was tried by a jury in the absence of defendant, and a verdict returned for plaintiff in accordance with a peremptory instruction by the court. Counsel moved for a continuance on account of defendant's absence, and the court overruled the motion and he excepted. · But, as the evidence in·support of the motion is not made a part of the record, that exception is abandoned in brief of counsel.

The principal assignments of error are the giving of the peremptory instruction, and the refusal of the court to set aside the verdict and grant plaintiff a new trial on the ground that it is contrary to the law and the evidence. The verdict is certainly supported by the evidence, for plaintiff swears that, after defendant had agreed to take the insurance and had delivered to him his check for the amount of the premium, he thereafter, before the check had been presented for payment, agreed to pay plaintiff $500, if he would release him from that agreement and did actually pay him $200 of that amount. At the time of the alleged promise, plaintiff says the policy had not been forwarded to the insurance company, and he had the right to cancel, and did cancel it.

Counsel for defendant insist that the verdict is contrary to law because the promise sued on is without any consideration. The $500 represented, approximately, the commissions which plaintiff was entitled to retain out of the premium, if it had been paid, as compensation for his services as agent of the insurance company, and if defendant was under no

legal obligation to pay the premium, it follows that he was not bound to pay plaintiff any part of his commissions, and the promise to pay would be *nudum pactum*. No contractual relation existed between plaintiff and defendant. Plaintiff was performing no services for defendant in his efforts to sell him the insurance, and, therefore, no promise to compensate him could be implied. Defendant was not legally bound to pay the premium, and, notwithstanding he had drawn his check for the amount of it and delivered it to plaintiff, he could have countermanded it without violating any legal right of the insurance company or of its agent the plaintiff. The insurance company was fully protected, in case of non-payment of premium, by its right to forfeit the policy, even if the policy had been approved by it, and this seems to be its only remedy. Contracts of insurance being unilateral, the insurer has no right generally to maintain a suit for premiums due, and the insured, if he has not expressly promised to pay, is at liberty to refuse to make payment, as it is generally only a condition precedent to his protection under the policy. By his failure to pay the insured simply loses his benefit. He has the option to pay or not, and thus continue the insurance company's obligation or terminate it at his pleasure. 2 Bacon on Ins., (4th ed.), sec. 456; 1 Cooley's Briefs, 82; 2 id. 990; *New York Life Ins. Co.* v. *Statham,* 93 U. S. 24, 23 L. Ed. 789; and *Clark* v. *Schromeyer,* 23 Ind. App. 565. Plaintiff had not assumed payment of the premium for defendant, and was not liable to the insurance company for any part of it. The contract of insurance had not been consummated, and in declining to pay the premium, defendant simply exercised his legal right. Hence when plaintiff canceled the policy, which is the only consideration for defendant's promise, he neither surrendered any legal right nor benefitted the situation of defendant, and, therefore, defendant's promise was without consideration and, for that reason, is not enforcible. That every promise must be supported by a valuable consideration, before recovery can be had on it, is a principle too well recognized to need any citation of authorities.

The judgment will be reversed and the cause remanded for a new trial.                                        *Reversed and remanded.*