**Jeffrey A. CONDON and Deborah J. Condon, Appellants–Plaintiffs,**

v.

**CARL J. REINKE & SONS, INC., Gate City Steel, North Star Steel Company, et al., Appellees–Defendants.**

No. 20A04–9006–CV–273.

Court of Appeals of Indiana, Fourth District.

July 15, 1991.

Victor L. McFadden, South Bend, for appellants-plaintiffs.

Gene M. Jones, Mark A. Lienhoop, Newby, Lewis, Kaminski & Jones, LaPorte, John E. Doran, Doran, Blackmond, Ready Hamilton & Williams, South Bend, for appellees-defendants.

CHEZEM, Judge.

Plaintiffs/Appellants, Jeffrey and Deborah Condon (Condon), appeal from the summary judgment entered for Defendants/Appellees, Gate City Steel (Gate City) and North Star Steel Company (North Star), et al. We affirm.

On November 28, 1984, Condon was employed by Crane Industrial Service Company as an iron worker on a construction site at the University of Notre Dame; the general contractor was Reinke Contracting, Inc. On that day, Condon sustained physical injuries when a reinforcing bar shattered while Condon was attempting to realign it.

On February 5, 1986, Condon filed a complaint against the general contractor and Gate City, the supplier of the reinforcing bar to the general contractor, alleging theories of recovery based on negligence, res ipsa loquitur, strict products liability and breach of implied warranty of fitness. Gate City filed its answer and a third-party complaint seeking indemnity from North Star, the manufacturer of the reinforcing bar.

On July 28, 1989, the trial court ordered experts for both Gate City and North Star to examine and test the reinforcing bar. The testing included hardness, metallography, chemical analysis, and microscopic examination of the reinforcing bar at the point at which it broke. It was the opinion of all of the engineers who examined and tested the reinforcing bar that there was no defect in the material or in the manufacture of the bar and that the break resulted from repeated bending.

Gate City filed a motion for summary judgment on December 7, 1989. In opposition to summary judgment, Condon filed the affidavit of Edward Neidlinger, an iron worker.

On March 5, 1990, the trial court denied Reinke Contracting, Inc.'s motion for summary judgment, but granted summary judgment in favor of Gate City and North Star.

■ We first note and agree with Gate City and North Star that Condon has failed to present argument on its theory of res ipsa loquitur. Accordingly, any issue regarding that theory is waived. App.R. 8.3(A)(7). Further, Condon's argument regarding breach of implied warranty is without merit. In Indiana, the theory of implied warranty in products liability actions has been superseded by the theory of strict liability. *TLB Plastics v. Proctor & Gamble* (1989), Ind.App., 542 N.E.2d 1373, 1375 (tortious breach of implied warranty forms the theoretical basis for the strict liability rule adopted in Indiana, but it does not constitute a separate cause of action); *see also, Thiele v. Faygo Beverage, Inc.* (1986), Ind.App., 489 N.E.2d 562, *trans. denied.* Thus, as that portion of Condon's complaint alleging breach of implied warranty fails to state a cause of action upon which he could recover, the entry of summary judgment as to that issue was entirely appropriate.

We now turn to Condon's argument that the trial court improperly granted summary judgment on the issues of negligence and strict liability in favor of Gate City and North Star.

When reviewing an entry of summary judgment, this court applies the same standard as the trial court. Summary judgment shall be granted only if the pleadings, depositions, answers to interrogatories, and affidavits show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. All evidence is construed in favor of the non-movant.[1] *Hatton v. Fraternal Order of*

---

1. While not applicable to this case, we note the amendment to Ind.Trial Rule 56 provides: No

*Eagles* (1990), Ind.App., 551 N.E.2d 479, *trans. denied.*

Here, summary judgment was proper because Condon failed to present evidence to refute Gate City's and North Star's evidence that the reinforcing bar was not defective. TR 56(E) requires that when a party moves for summary judgment, the non-movant may not rely upon the mere allegations or denials of his pleading; he must set forth specific facts showing that there is a genuine issue for trial.

While Condon submitted an affidavit of Edward Neidlinger, it was insufficient to raise a genuine issue for trial. To support a negligence and products liability claim, it must be shown that the product at issue was defective. Neidlinger's affidavit failed to state, or raise an inference that, the reinforcing bar was defective. In his brief, Condon contends that Neidlinger "stated that rebars such as the one Condon was attempting to align when it broke are routinely bent by construction workers." However, Neidlinger only states that "the necessity to realign results from misalignment that can result from a number of reasons all of which are not attributable to [Condon's] performance or realignment, and most often result from acts or actions of the employees of the general contractor." Neidlinger's affidavit, in light of the expected evidence compiled at the trial court's order, fails to establish a genuine issue of fact relating to the question of whether the reinforcing bar was defective. Summary judgment on Condon's negligent products liability claim was therefore properly granted.

Condon relies heavily upon *Montgomery Ward & Co. v. Gregg* (1990), Ind.App., 554 N.E.2d 1145 *trans. denied*, to support his strict products liability claim. In *Montgomery Ward*, the plaintiff brought a products liability action against the tire manufacturer and seller to recover damages for injuries he sustained when a truck tire exploded. There, we decided the plaintiff "presented sufficient evidence to permit a logical inference that the tire was dangerous to an extent beyond that contemplated by the ordinary user having knowledge typical of that possessed by the community of users generally." *Id.* at 1153. The plaintiff presented evidence regarding the training of tire mechanics, the specifics of how tire mechanics determine the size of a tire and rim, and how tire mechanics determine whether a tire and rim are matched or mismatched. This Court held that the extensive evidence presented objectively established the plaintiff's theory that without a warning the tire in question was unreasonably dangerous to the ordinary tire mechanic attempting to mount it on a rim. *Id.*

We agree with Condon that the same standard in *Montgomery Ward* applies here. However, unlike the plaintiff in *Montgomery Ward*, Condon failed to present sufficient evidence which would create a genuine issue of fact as required by TR 56(E). Condon needed to present evidence to raise an inference that it was a widespread practice in the construction industry for reinforcing bars to be bent and rebent in the fashion aligned here and that, without a warning, the use of the reinforcing bar was unreasonably dangerous. Neidlinger's affidavit did not establish that the reinforcing bar was "dangerous to an extent beyond that contemplated by the ordinary user having knowledge typical of that possessed by the community of users generally." *Id.* at 1153.

Affirmed.

CONOVER and STATON, JJ., concur.

---

judgment rendered on the motion shall be reversed on the ground that there is a genuine issue of material fact unless the material fact and the evidence relevant thereto shall have been specifically designated to the trial court.

TR 56(H). As summary judgment was granted in 1990, and the amendment became effect January 1, 1991, the amendment is not applicable here.