[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM DATED JUNE 18, 1996
I. Summary of the Facts and Procedural History:
On September 15, 1992 the defendant American Legion Post #68 and the American Legion Department of Connecticut, through its employees, agents, or servants, allegedly provided Mr. Edward J. Kiley with alcoholic liquor. A few hours after leaving the defendant's establishment, Mr. Kiley was involved in a head-on collision with Ms. Leslie J. Karp, decedent, on Fenn Road in Newington, Connecticut. The accident resulted from Mr. Kiley's motor vehicle crossing the center line into decedent's vehicle. As a result of the collision, the decedent sustained serious injuries, and died on September 24, 1992. The plaintiff, Donald P. Karp, was appointed administrator of the estate of the decedent by order of the Probate Court for the District of West Hartford on October 1, 1992.
The plaintiff filed the original complaint on July 15, 1993, naming the American Legion Department of Connecticut as defendant. Thereafter, the case has a lengthy procedural history. Plaintiff filed several amended complaints; the most recent complaint is dated November 9, 1995. On September 15, 1993, a Motion to Strike (#103) was filed by the American Legion Department of Connecticut, which was granted on January 24, 1994. On March 16, 1994, a Motion for Summary Judgment (#111) was filed by the defendant, American Legion Department of Connecticut. which was never acted upon. The record discloses. however, that subsequent to the filing of the Motion for Summary Judgment, which sought to remove the defendant American Legion Department of Connecticut, the plaintiff filed a withdrawal of action (#112) against the American Legion Department of Connecticut.
On September 3, 1995, defendants Amenta, Tessman, Skene, and Wright (officers and backers of the American Legion Post #68), filed their own Motion to Strike (#137). On September 13, 1995, the plaintiff's Motion to Cite In the individual members of the American Legion Post #68 (#141) was granted, and the complaint CT Page 4866 was amended to reflect the new defendants on October 13, 1995. On October 25, 1995, Judge Arena granted Motion to Strike #137, striking the counts for negligence, negligent nuisance and absolute nuisance as being precluded by § 30-102 and Quinnettv. Newman, 213 Conn. 343, 566 A.2d 786 (1990), and struck the prayer for double and treble damages under General Statutes §14-295 as to the defendants Amenta, Tessman, Skene, and Wright. On January 16, 1996, the individual defendants filed the present Motion for Summary Judgment (#274) with attached memorandum (#274.25). On February 15, 1996, the plaintiff filed an objection to the defendants' Motion for Summary Judgement (#277) with attached memorandum of law. On February 29, 1996, the defendant filed a memorandum in response (#278) to the plaintiffs objection and a supplemental response (#279) on March 1, 1996. The supplemental response included some parties accidentally omitted from the certification of the previous memorandum. The Court heard oral argument on April 22, 1996.
II. Discussion
The defendants raised seven separate grounds in their Motion for Summary Judgment (#274). It is this court's opinion that several of the seven grounds may be combined and will be discussed collectively below. It should first be noted that while this court could dispose of this motion on a single ground to the exclusion of other grounds, it will take the opportunity to discuss all of the grounds raised by the individual defendants.
A. Summary Judgment, Generally.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to , judgment as a matter of law."Miller v. United Technologies Corp., 233 Conn. 732, 745,660 A.2d 810 (1995). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) Catz v.Rubenstein, 201 Conn. 39, 48, 513 A.2d 98 (1986). "The party moving for summary judgment has the burden of showing the absence of any genuine issues as to all the material facts, which under applicable principles of substantive law, entitle him to judgment as a matter of law. To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue CT Page 4867 of material fact." Suarez v. Dickmont Plastics Corp., 229 Conn. 99,105, 639 A.2d 507 (1994); Miller v. United TechnologiesCorp., supra at 744.
 B. Grounds for the Individual Defendants' Motion for Summary Judgment.
1. Was the American Legion Post #68 (Post) a de factocorporation at the time of the plaintiffs losses? This court concludes that the Post has been a corporation at all times relevant to the disposition of this cause of action.
The plaintiff alleges that the Post's corporate status was administratively dissolved in 1971 as a result of the defendant Post's failure to file biannual reports. Further, the Post was never legally reincorporated until October 2, 1995, and held itself out as an unincorporated association during this period. As a result, the plaintiff alleges the Post was an unincorporated association at the time of the death of Doctor Karp on September 24, 1992, making the members personally liable.
The defendants allege the Post operated as a de facto corporation during the period of its administrative dissolution, and upon its reinstatement on October 2, 1995, the corporate status was retroactive to the date it lapsed in 1971. As a result, the defendants argue the individual members are shielded by the corporate status.
This court concludes that the operation of Public Act 95-252 § 16,[1] which states in relevant part: ". . . (a) At any time after dissolution . . . a corporation may be reinstated as provided in this section . . .," confers continuous corporate status to a dissolved corporation reinstated subsequent to October 1, 1995. Therefore, since this court has found the Post was reinstated on October 2, 1995, this court also finds that the Post's corporate status was effective on the date of the plaintiff's injuries. There is no need to find the Post operated as a defacto corporation. Accordingly, the individual defendants, insofar as they are not officers, are excluded from individual liability pursuant to Section 33-472[2] of the C.G.S. and the Post is the viable defendant.
The court hereby grants the defendants' Motion for Summary Judgment on this ground. CT Page 4868
2. What is the applicable statute of limitation and wasservice of process on the individual defendants effective toconfer personal jurisdiction over the individual defendants? This court concludes that § 52-555 is the applicable statute of limitations, and the individual defendants were not timely served.
The plaintiff alleges that he cited in the individual defendants for one of two reasons. First, the plaintiff cited in the individuals to provide more specificity upon learning that the Post's corporate status was dissolved. Second, to clarify a misnomer, the Post being a voluntary association, the individual members had to be named as parties. Therefore, the plaintiff argues under either premise, applying § 52-593 and §52-593a, the service was timely. Additionally, the plaintiff relies on § 52-584's three-year statute of limitations, not §52-555 which has a two-year statute of limitations.
The defendant alleges that timely service on the Post is not the same as timely service on the individual members of the Post. Further, the defendants allege the applicable statute of limitations is the two-year limitation found in § 52-555
(Wrongful Death Statute), not § 52-584. The defendants allege that the statute began running on September 24, 1992 (the date of Dr. Karp's death) and ended on September 24, 1994. Since the individual defendants were not served until September 18, 1995 through October 2, 1995, the defendants allege the service was untimely.
This court finds that the applicable statute of limitations for the cause of action against the individual defendants is § 52-555. "Since its enactment our wrongful death statute has been regarded as the exclusive means by which damages resulting from death are recoverable." Ladd v. Douglas Trucking Co.,203 Conn. 187, 195, 523 A.2d 1301 (1987); Lynn v. Haybuster Mfg.,Inc., 226 Conn. 282, 295, 627 A.2d 1288 (1993).
Section 52-555 provides in relevant part that ". . . no action shall be brought to recover such damages and disbursements but within two years from the date of death . . ." The plaintiffs various causes of action all relate to "damages resulting from the death" of Dr. Karp and as such, fall within the purview of § 52-555. The plaintiffs reliance on § 52-584's three-year statute of limitations is not applicable to the current action, our state Supreme Court having previously determined CT Page 4869 § 52-555 is the exclusive remedy.
Since this court relies on Section 52-555 as the applicable statute, this court must conclude that the individual defendants were not properly served within the applicable statute of limitations. As previously stated, this is a two-year statute of limitations. The plaintiff's decedent died on September 24, 1992. The individual defendants were not served until September 18, 1995, through October 2, 1995. Such service dates are well outside of the two-year statutory time period.
The plaintiff argues that this court should considerPintavalle v. Valkanos, 216 Conn. 412, 414-15 (1990), and Szponarv. Stasiak, 8 CSCR 856 (1993) (Goldberg, J.), to support the applicability of § 52-584 argument. The court is unpersuaded; the court finds that neither Pintavalle nor Szponar involved a death. Thus, both cases are distinguishable from the instant case. Finally, it is this court's position that § 52-577, the tort statute of limitations is inapplicable for the same reason that § 52-584 is not applicable.
On the issue of service and applicable time periods. the plaintiff argues that § 52-593, the accidental failure of suit statute, or in the alternative, § 52-593a, the saving statute for late served process, applies. The court is not persuaded by plaintiff's argument as to either of these statutes. Section 52-593 permits the plaintiff an additional year to bring a new cause of action where the plaintiff's original action is dismissed for failure to name the correct party. Since the original action has never been dismissed and the plaintiff has merely cited in the individual defendants, this statute is not applicable.
Similarly, § 52-593a is inapplicable because the plaintiff has failed to attach an affidavit from the sheriff stating that the process was committed to the sheriff within the statute of limitations and then served within the following fifteen days. Section 52-593a permits a fifteen-day extension on the service of process only where the process is timely committed to the sheriff. Absent any evidence this condition was met, this court must conclude § 52-593a is procedurally inapplicable on its face. This statutory section would have only been applicable if the court found that a three-year statute of limitations applied, thus, saving those defendants who were served after September 24, 1995. Since this court has concluded to the CT Page 4870 contrary, this section has no applicability at all to the instant case.
3. Is service on the Post equal to service on the individualmembers? The plaintiff argues that this court should find that the plaintiff's timely service of process on the Post on July 23, 1993, was sufficient notice to the Post, its officers, and backers. This court finds that service on the Post is notsufficient constitutional notice to the individual members such that their personal assets may be available to the plaintiff.
The plaintiff relies on Hartford Accident Indemnity Co. v.Sena, 42 Conn. Sup. 336, 337, 619 A.2d 489, 7 CONN. L. RPTR. 429 (1992), for the proposition that an association has no separate legal existence apart from its members. From this premise, the plaintiff argues that since the association is synonymous with its individual members, service on the association must be equal to service/notice on the individual members.
Defendants counterargue that the few reported Connecticut cases in this area require a different result. While a voluntary association may sue or be sued in its own name (C.G.S. Section52-76), individual member liability requires personal service on the member and participation in the suit by the member. (C.G.C. Section 52-292.)
In Davison v. Holden, 55 Conn. 103, 112-13, 10 A. 515 (1887), the court held the creditor of a voluntary association may elect to sue either the association, the individual members, or both. If the individual members are not sued, their personal property would not be available to satisfy a judgment against the voluntary association. See also Azzolina v. Sons of Italy,119 Conn. 681, 179 A. 201 (1935). Section 52-292 of the Connecticut General Statutes states in relevant part: "The property of a voluntary association, whether held by it or by trustees for its benefit, may be attached and held to respond to any judgment that may be recovered against it; but the individual property of its members shall not be liable to attachment or levy of execution in actions against such association to which such members are not parties . . ."
The plaintiff asserts but fails to provide this court with any authority that mere membership in a voluntary association is sufficient to create personal individual liability on the members. The defendant alleges that each individual member must CT Page 4871 be served individually, and in order for liability to attach, the plaintiff must allege the member participated in, ratified or consented to the alleged tortious conduct.
Defendants' argument is supported by the case law. InAzzolina, supra at 681, the court found only 102 of the 170 members of the defendant association liable for the debts of the defendant association. The plaintiffs failed to prove that any of the 68 remaining members found not personally liable had participated in or authorized the association's actions.
In Hatton v. Fraternal Order of Eagles, Aerie #4097,551 N.E.2d 479 (1990), the Indiana Court of Appeals held that individual members of any unincorporated association who are not officers, directors or specific individuals involved in the service of alcohol, were not liable to a third person injured by the negligent service of alcohol to a patron, where the individual members did not actively participate in the negligence. "The rule we announce today ensures association members will not be liable simply by virtue of their membership. To hold otherwise would be contrary to our concept of fault based negligence." Id., 481.
Constitutionally permissible notice requires each member to be served individually and mere passive membership in the voluntary association is not sufficient to confer liability for the actions of the association, absent allegations the member participated in, ratified or consented to the alleged tortious conduct. This court posited the following questions to plaintiff's counsel: "Assuming passive membership is sufficient to confer liability on an individual member of a voluntary association, why would anyone join any voluntary association? Why join a church group or be a church parishioner if you could be liable for damages in a child molestation judgment against the parish's priest? Counsel was unable to provide this court with any sound reasons to support its position other than partnership case law.
Membership in a partnership (even passively) is very different from passive membership in a voluntary association. Partnership law involves the Uniform Partnership Act, which creates a distinct system of liability, and as such, the analogy is meaningless to voluntary associations which lack statutory guidance. The facts of this case are not analogous to partnership law. This court is not persuaded by the plaintiffs attempt to CT Page 4872 apply partnership principles to this voluntary association.
Since § 52-555's two-year statute of limitations had expired before the defendants were served, the plaintiff may not recover from the defendants' personal assets. The plaintiff having failed to assert anything more than mere passive conduct by the individually named defendants, individual members cannot be liable solely by virtue of membership status. Accordingly, this court grants the defendants' Motion for Summary Judgment on these grounds.
4. Is Judge Arena's previous ruling as to James Tessman[3]the law of the case? This court adopts Judge Arena's previous decision which is soundly based on Quinnett v. Newman, 213 Conn. 343,566 A.2d 786 (1990), precluding all liability for counts in negligence and nuisance.
The criteria for a subsequent court to reconsider the law of the case requires evidence presented now that was not available then or a clarification of then existing law. See Mac's Car City,Inc. v. American National Bank, 205 Conn. 255, 261, 532 A.2d 1302
(1987). As stated in Breen v. Phelps, 186 Conn. 86, 99,439 A.2d 1066 (1982):
 The law of the case is not written in stone but is a flexible principle of many facets adaptable to the exigencies of the different situations in which it may be invoked . . . In essence it expresses the practice of judges generally to refuse to reopen what has been decided and is not a limitation on their power.
By giving deference to the former judge, the court conserves its limited judicial resources and prevents parties from attempting to continuously reopen closed matters. Since neither criterion set out in Mac's Car City, supra has occurred, this court defers to Judge Arena's prior decision and will not revisit the issue.[4]
5. Whether the plaintiff's claim that the individual membersare vicariously liable for the actions of Kiley is sufficientlypled? This court had told the parties that it would consider all grounds relating to the individual defendants' claim that they were improperly included as defendants in this case. This would even allow the court to consider questions, such as this one, which more commonly are appropriate to a Motion to Strike. CT Page 4873 However, having dismissed all counts against the individual defendants based on other grounds, the issue of whether or not vicarious liability has been properly pled is a moot one.
III. CONCLUSION
The Association was a valid corporation at the time of the plaintiffs decedent's injuries, having been retroactively reincorporated by virtue of Public Act 95-252. Consequently, there is no need for the court to address whether the Association was acting as a de facto corporation during the time in question.
Service of process on the Association did not confer personal jurisdiction over the individual members of the Association. The applicable statute of limitations is two years under §52-555, the wrongful death statute. The individual defendants were not served within this two-year time period and accordingly, this court has no jurisdiction over them. Other saving statutes cited by the plaintiff are not applicable to this case.
Additionally, service on the Post is not equal to service on the individual members. Such notice does not constitute sufficient constitutional notice to the individual members.
The law of the case was established as to the counts of negligence and nuisance by Judge Arena in his previous decision on a Motion to Strike, said order dated October 25, 1995.
For all of the foregoing reasons, defendants' Motion for Summary Judgment is granted.
HANDY, J.